DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| ROBERT W. JOHNSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FACEBOOK, META, RUDY GIULIANI, ) <br> JOHN EASTMAN, MARK MEADOWS, ) <br> KENNETH CHESEBRO, JEFFREY CLARK, ) <br> JENNA ELLIS, RAY SMITH III, ROBERT ) <br> CHEELEY, CATHLEEN LATHAM, SCOTT ) <br> HALL, STEPHEN LEE, HARRISON FLOYD, ) <br> TREVIAN KUTTI, SIDNEY POWELL, ) <br> MISTY HAMPTON, MICHAEL ROMAN, ) <br> DAVID SHAFER, SHAWN STILL, VLDIMIR ) <br> PUTIN, TWITTER and META LLC., ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 2023-0034 |

**Appearances:**
**Robert W. Johnson,** *Pro Se*
Buffalo, NY

No Appearance
    *For Defendants*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on the Report and Recommendation ("R&R") by Magistrate Judge Emile A. Henderson III. (Dkt. No. 9). In his R&R, Magistrate Judge Henderson recommends that Plaintiff Robert W. Johnson's ("Plaintiff") Complaint (Dkt. No. 1) be dismissed with prejudice for failure to prosecute. For the reasons that follow, the Court will adopt, as modified herein, Magistrate Judge Henderson's R&R and will dismiss Plaintiff's Complaint with prejudice for failure to prosecute.

## I.  BACKGROUND

Plaintiff, proceeding *pro se*, commenced this action against Defendants on August 28, 2023. (Dkt. No. 1). On that same day, Plaintiff also filed a Motion to Proceed in District Court without Prepaying Fees or Costs ("Motion to Proceed"). (Dkt. No. 2). On September 21, 2023, Magistrate Judge Henderson denied this Motion without prejudice on the grounds that Plaintiff's filing was incomplete and directed Plaintiff to re-file on or before October 12, 2023. (Dkt. No. 3). Plaintiff failed to respond to the Order or pay the filing fee. On November 8, 2023, Magistrate Judge Henderson then ordered Plaintiff to show cause, by December 8, 2023, as to why the matter should not be dismissed. (Dkt. No. 5). The Order to Show Cause cautioned that Plaintiff's "[f]ailure to respond [would] result in a recommendation to the District Judge that this case be dismissed." *Id.* at 2. Again, Plaintiff failed to respond.

Both of Magistrate Judge Henderson's Orders were mailed to Plaintiff at an address in Buffalo, New York—the only address on file with the Court. (Dkt. Nos. 4, 6). The initial Order was returned to the Court as "unclaimed" and the Order to Show Cause was returned to the Court as "not deliverable as addressed." (Dkt. Nos. 7, 8).

Accordingly, on December 19, 2023, Magistrate Judge Henderson issued an R&R, recommending dismissal with prejudice for failure to prosecute. (Dkt. No. 9). Plaintiff has not filed any objections to the R&R.

## II.  DISCUSSION

Where—as here—the parties do not object to a magistrate judge's R&R, there is no statutory requirement that a district court review the R&R before accepting it. *See Thomas v. Arn*, 474 U.S. 140, 151 (1985); 28 U.S.C. § 636(b)(1)(C) (a district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations

to which objection is made"); *see also Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x 151, 153 (3d Cir. 2011) (recognizing that *Thomas* permits the district court to decline to review undisputed recommendations). Notwithstanding *Thomas*, the Third Circuit has stressed that, even in the absence of an objection, the "better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

Where no objections have been filed, a district court reviews an R&R under the "plain error" standard of review. *See* Fed. R. Civ. P. 72(b) Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Under this standard, a district court reviews a magistrate judge's report and recommendation for error that is "'clear' or 'obvious' and seriously affect[s] the fairness or integrity of the judicial proceedings." *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (citing *United States v. Sargeant*, 171 F. App'x 954, 957 n.4 (3d Cir. 2006)), *aff'd*, 276 F. App'x 125 (3d Cir. 2008); *see also Nara v. Frank*, 488 F.3d 187, 197 (3d Cir. 2007) ("An error is 'plain' if it is clear or obvious.").

Ordinarily, dismissals for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure are governed by a balancing of the factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). However, "when a litigant's conduct makes adjudication of the case impossible, balancing under *Poulis* is unnecessary." *Bracy v. Marvinny*, No. CV 2020-0036, 2022 WL 17555529, at *2 n.2 (D.V.I. Dec. 9, 2022) (quoting *Sebrell ex rel. Sebrell v. Philadelphia Police Dep't*, 159 F. App'x 371, 374 (3d Cir. 2005); *see also Ho v. Lower Merion Sch. Dist.*, No. 23-1259, 2024 WL 1007453, at *2 n.5 (3d Cir. Mar. 8, 2024) ("[I]n dismissing for failure to prosecute, [the *Poulis*] analysis is not required where a litigant makes

3

adjudication impossible . . . ."). "Adjudication of the case becomes impossible when litigants fail to update their contact information with the Court and fail to respond to Court orders." *Cruz v. Bryan*, No. CV 2016-0020, 2024 WL 1367825, at *2 (D.V.I. Mar. 31, 2024); *see also Bracy*, 2022 WL 17555529 at *2 n.2 (noting that balancing under *Poulis* was not required to warrant dismissal for failure to prosecute because adjudication of the case was made impossible by, *inter alia*, the plaintiff's failure to update his mailing address and contact information with the Court); *Jackson v. U.S. Bankr. Ct.*, 350 F. App'x 621, 624-25 (3d Cir. 2009) (finding that the litigant's abandonment of the case—where the litigant failed to respond to three pending motions despite the district court's grant of three *sua sponte* extensions of time—made it impossible for the district court to proceed, warranting a dismissal for failure to prosecute).

Notwithstanding Plaintiff's status as a *pro se* litigant, he nevertheless "bears full personal responsibility for [his] litigation" and is thus "personally responsible for supplying the court with an address that would foster direct and timely communication with the court." *Marin v. Biros,* 663 F. App'x 108, 110-11 (3d Cir. 2016). Here, Plaintiff filed his Complaint and his Motion to Proceed on August 28, 2023. (Dkt. Nos. 1, 2). Since that date, the Court has received no filings from Plaintiff in response to either Magistrate Judge Henderson's denial of his Motion to Proceed without prejudice (Dkt. No. 3) or Magistrate Judge Henderson's Order to Show Cause why the case should not be dismissed (Dkt. No. 5). Indeed, the Orders were returned to the Court as "unclaimed" and "not deliverable," respectively. (Dkt. Nos. 7, 8). Clearly, "the Court's efforts to communicate with Plaintiff have been unavailing." *Cruz*, 2024 WL 1367825, at *2 (dismissing the plaintiff's claim for failure to prosecute because the plaintiff's failure to communicate with the court rendered adjudication of his case impossible). Accordingly, the Court finds that Plaintiff's conduct has rendered adjudication of his case impossible.


In light of the Court's findings herein, there is no clear or obvious error with Magistrate Judge Henderson's determination that this action should be dismissed with prejudice for failure to prosecute. As such, the Court will adopt, as modified herein, Magistrate Judge Henderson's recommendation of dismissal with prejudice.[1]

### III.     CONCLUSION

In view of the foregoing, the Court will adopt Magistrate Judge Henderson's R&R, as modified herein, and dismiss with prejudice Plaintiff's claims against Defendant for failure to prosecute. An appropriate Order accompanies this Memorandum Opinion.

Date:    May 21, 2024                                             _____/s/_____
                                                                                    WILMA A. LEWIS
                                                                                    District Judge

---

[1] Unless otherwise stated, a dismissal for failure to prosecute under Rule 41(b) results in dismissal of the action with prejudice. *Matta v. Gov't of Virgin Islands*, No. 11-CV-00091, 2016 WL 122954, at *1 (D.V.I. Jan. 8, 2016) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001) ("Unless otherwise stated, dismissals under Rule 41(b) are with prejudice."); *Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 610-11 (3d Cir. 2020) ("For voluntary dismissals, the default rule is that a plaintiff's first dismissal is without prejudice . . . . For involuntary dismissals, the default rule is the opposite. Unless the dismissal order states otherwise, it operates as an adjudication on the merits and so . . . involuntary dismissals are presumptively with prejudice." (emphasis in original) (internal quotations and citation omitted)).